## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
THOMAS KILBRIDE,               )
                               )
          Plaintiff,           )
                               )
     v.                        )     Case No. 05-4079
                               )
ALHONGA ENTERPRISES CO., LTD., )
CHANG STAR CORPORATION, LEE    )
CHI ENTERPRISE, CO.,           )
PROMAX U.S.A., AUSTIN          )
ENTERPRISES, INC., GIANT       )
BICYCLE, INC., and THE BIKE    )
SHOP, INC.,                    )
                               )
          Defendants.          )
```

## **O R D E R**

Before the Court is Plaintiff's Motion to Remand [Doc. # 8]. For the reasons that follow the Motion to Remand will be granted and this case will be remanded to the state court for further proceedings.

On June 10, 2005, Plaintiff filed suit in state court against Defendants Alhonga Enterprises Co., Ltd. ("Alhonga"), Chang Star Corporation ("Chang Star"), Lee Chi Enterprise, Co. ("Lee Chi"), Promax U.S.A. ("Promax"), Austin Enterprises, Inc. ("Austin"), and Giant Bicycle, Inc. ("Giant").  Also in June 2005, Plaintiff entered into a tolling agreement with Defendant The Bike Shop, Inc.("The Bike Shop"), whereby each party agreed not to initiate suit against the other until the agreement was terminated.  On October 12, 2005, Defendants Promax and Austin removed the case to this Court.  On November 3, 2005, after terminating the tolling agreement with The Bike Shop, Plaintiff moved to amend the Complaint to add Defendant The Bike Shop, an Illinois corporation.

Additionally, Plaintiff moved to remand this case to state court as the joinder of The Bike Shop would destroy this Court's diversity jurisdiction.

On November 28, 2005, after the time for responses had passed and no response was filed, Magistrate Judge Gorman granted Plaintiff's Motion to Amend but deferred ruling on the Motion to Remand.  Thereafter, Defendants Promax, Austin, and Giant filed objections to Plaintiff's Motion to Remand arguing the claims against The Bike Shop were time barred.[1]  On November 30, Magistrate Judge Gorman extended all deadlines to January 9, 2006. On January 6, Plaintiff filed a memorandum in support of his motion, disclosing the tolling agreement and arguing that this agreement saved his claims against The Bike Shop.  On January 9, Defendant Giant filed a reply brief arguing the Court should deny the joinder of The Bike Shop because, inter alia, it is fraudulent and untimely.

28 U.S.C. § 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

When a non-diverse party is joined in a diversity action, a defendant may maintain the action in federal court only if it can show the non-diverse party's joinder was fraudulent. <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 73 (7th Cir. 1992).  Under these circumstances, a defendant bears a heavy burden to establish

---

[1] Apparently, these Defendants were not aware of the tolling agreement between Plaintiff and The Bike Shop at that time.

fraudulent joinder.  Id.  In doing so, the defendant must show that "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  Id.

Defendant Giant argues that Plaintiff has not established that the tolling agreement with the Bike Shop is valid because the agreement is not dated and tolling agreements executed after the statute of limitations has expired are invalid.  However, the agreement states that at the time the agreement was signed "no action [had] been filed by or on behalf of Thomas Kilbride."  The current action was filed on June 10, 2005.  Thus, the Court can infer that the agreement was signed prior to June 10, 2005, and consequently, prior to the expiration of the statute of limitations.

Moreover, Defendants do not argue that, absent the statute-of-limitations issue, Plaintiff's causes of action against The Bike Shop are invalid.  Further, remand of this action at this time will cause little prejudice to Defendants considering no discovery or pretrial matters have occurred here.  Finally, prejudice to Plaintiff is likely if this case is not remanded because Plaintiff would be forced to maintain a separate action in state court to recover from The Bike Shop.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. # 8] is GRANTED.

ENTERED this  17th  day of February, 2006.

            s/ Joe B. McDade
            JOE BILLY McDADE
         United States District Judge

3